WILLIAM M. CLINTON v. CHICAGO, BURLINGTON & QUINCY
RAILROAD COMPANY.

FILED NOVEMBER 8, 1900. No. 9,270.

1. **Employee of Railroad Company:** ACCEPTANCE OF DAMAGE: RE-
LEASE. An employee of a railroad company who has accepted
from it damages for injuries sustained can not recover benefits
for such injury from the relief department of such corporation
under an agreement of membership releasing the company
from liability in case of such acceptance.

2. **Stare Decisis.** *Chicago, B. & Q. R. Co., v. Bell,* 44 Nebr., 44, and
*Chicago, B. & Q. R. Co. v. Curtis,* 51 Nebr., 442, followed.

ERROR to the district court for Lancaster county.
Tried below before HALL, J. *Affirmed.*

*Field & Brown,* for plaintiff in error.

*J. W. Deweese* and *F. E. Bishop, contra.*

NORVAL, C. J.

William M. Clinton brought this action in the district
court of Lancaster county for benefits which he claimed
to be due him as a member of the Burlington Voluntary
Relief Department for injuries received by him in the
year 1890, while an employee of defendant. By the terms
of his certificate of membership in said association or de-
partment, he was entitled, under stipulated conditions,
to certain sums of money during the continuance of his
disability, and to certain other sums which it is not neces-
sary to set forth at length, the certificate being identical
in its terms with that litigated in the case of the *Chicago,.
B. & Q. R. Co. v. Bell,* 44 Nebr., 44, and other cases herein-
after mentioned. Said certificate provided further that
the acceptance of benefits from said relief department
would operate as a release and satisfaction of all claims
for damages against said railway company for such in-
jury; and also that if the beneficiary should bring suit
against said railway company for damages on account of

any injury, then payments of benefits from the relief fund on account of such injury should not be made until such suit was discontinued; and if such suit should proceed to judgment or be compromised, all claims upon the relief department fund for benefits on account of such injury should be precluded. After his injury, plaintiff accepted certain payments from said relief fund on account of said injury, and afterwards he commenced an action against said railroad company to recover from it on account of said injuries, wherein he was successful, the judgment so recovered against it having been paid by said company prior to the commencement of this action. In this cause he seeks to recover for the payment of such benefits as would have been due him from said relief fund, had he not recovered said judgment for damages against the railroad company. Judgment was rendered against him in the lower court, and he brings the case here for review.

It is conceded that no new question of law is presented in this case, but that the court is asked to overrule a number of decisions adverse to the claim of plaintiff, particularly those of *Chicago, B. & Q. R. Co. v. Bell, supra,* and *Chicago, B. & Q. R. Co. v. Curtis,* 51 Nebr., 442. Obedient to the very urgent request contained in an able brief filed by counsel for plaintiff, we have at some pains examined those cases, and are satisfied that the law is therein correctly enunciated, and we see no reason for overruling them. They are in line with a long series of decisions by courts of other states, and are the law. We do not see that any useful end would be subserved by adverting to them at length, and will therefore content ourselves with stating that, in affirming the judgment of the lower court, we follow those decisions. There being no questions involved in this case different to those decided in the case noted *supra,* the judgment of the lower court is, therefore,

AFFIRMED.