MARY A. WALTERS, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY.

FILED OCTOBER 5, 1905. No. 13,922.

Insurance: ELECTION. When the certificate of membership in a railway relief department expressly provides that the indemnity therein provided shall be waived or forfeited by an action for

damages against the railway company itself, the terms of the contract, and not the general rules of law relative to the election of remedies, will determine the consequences of such an election.

ERROR to the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Affirmed.*

*J. F. Cordeal, C. H. Boyle* and *Berge, Morning & Ledwith,* for plaintiff in error.

*W. S. Morlan, J. W. Deweese* and *F. E. Bishop, contra.*

AMES, C.

There is no dispute of fact and but a single question of law involved in this case, which is a proceeding in error for the reversal of a judgment for the defendant in the district court. The action is against the relief or insurance department of the defendant company for a recovery by a beneficiary named in a certificate of membership on account of the accidental death of a member, and was submitted at the trial upon a stipulation of facts of which the following is a copy:

"It is hereby stipulated and agreed by and between the plaintiff and the defendant in the above entitled action: (1) That the defendant, the Chicago, Burlington & Quincy Railway Company, is a corporation duly organized and existing under the laws of the state of Iowa, and that as such it has possession and control of the lines of railroad formerly owned and controlled by the Chicago, Burlington & Quincy Railroad Company, running from Chicago through the state of Illinois, Iowa, Nebraska and elsewhere. That there exists in connection with said railway company what is known as the Burlington Voluntary Relief Department, originally organized by the employees of, and in connection with, the Chicago, Burlington and Quincy Railroad Company, and that the defendant railway company has succeeded to all the obligations and liabilities of the said railroad company in connection with said relief department and is responsible for any and all

obligations and liabilities of said railroad company under the same terms and conditions of contracts of members in the said relief department as they exist with the railroad company. (2) That on the 23d day of September, 1897, said Burlington Voluntary Relief Department issued and delivered to one Edward Walters its certificate No. 40,991, which is attached hereto as a part hereof, marked 'Exhibit A.' That the said Edward Walters was a member of the Burlington Voluntary Relief Department in good standing at the time of his death. That he was killed by an engine and cars operated by the Chicago, Burlington & Quincy Railroad Company, while an employee of said company, on the 6th day of October, 1898. That the deceased at the time of his death left no widow or issue or father, but did leave surviving him his mother, the plaintiff herein, as his beneficiary under the terms and conditions of his membership in said relief department. (3) That under the contract and rules and regulations governing the membership of said Edward Walters he became a member of the second class, and his beneficiary was entitled to a death benefit in the sum of $500, in accordance with the terms of said contract and rules and regulations governing the membership. (4) That a copy of the regulations of said relief department is attached hereto, marked 'Exhibit B,' and made a part hereof. That the certificate of membership in said relief department was issued to said Edward Walters upon an application made and executed by him in the form as prescribed by section 33 of the regulations, a copy of which application is hereto attached and made a part hereof, marked 'Exhibit C.' (5) That the plaintiff was on the 19th day of June, 1899, duly appointed administratrix of the estate of Edward Walters, deceased, and thereafter, to wit, on or about the 1st day of March, 1900, the plaintiff as such administratrix commenced an action in the district court for Greeley county, Nebraska, against the Chicago, Burlington & Quincy Railroad Company to recover the sum of $5,000 as damages sustained on account of the death of her said son, Edward Walters; that said cause

was removed to the circuit court of the United States for the district of Nebraska, and was there tried on its merits; that on said trial it was pleaded and proved by the defendant that it was in nowise responsible or liable to the plaintiff in said action in damages by reason of the death of the said Edward Walters, and on the 24th day of October, 1900, judgment was duly rendered in said action in favor of the defendant therein and against the plaintiff therein, finally and conclusively determining and adjudicating that the said defendant was not responsible or liable in damages for the death of said Edward Walters, and that the plaintiff had no legal right to recover any damages whatever from the defendant by reason of his death; and that the said defendant should go hence without day and recover of the plaintiff therein its costs expended in said cause. That an appeal was duly taken from said judgment by the plaintiff as administratrix of the estate of Edward Walters, deceased, to the supreme court of the United States, and on or about the 14th day of April, 1902, the judgment of the lower court was affirmed by the supreme court of the United States, and a judgment on mandate rendered in the circuit court of the United States for the district of Nebraska against the plaintiff for costs in said proceedings. That said judgment has never been vacated, set aside, canceled or modified in any way, and still stands in full force and effect as a valid adjudication of a claim of plaintiff as administratrix in that proceeding to recover damages against the said railroad company. (6) No judgment for damages by reason of the death of said Edward Walters has been rendered in any action in said federal court, or any other court, against the defendant and in favor of the plaintiff. (7) That no demand was ever made by this plaintiff, or any one for her, for the payment of the death benefit provided in said contract of membership, until after the final adjudication of the said action brought by the administratrix of said estate for damages as above set forth, and no death benefit has ever been paid by the defendant company, or its

successor, on account of the death of said Edward Walters."

The clause in the regulations of the department mentioned as "Exhibit B" in the foregoing stipulation, and upon which the defendant relies, and which the lower court adjudged as in the circumstances of the case a sufficient defense, is as follows:

"If any suit shall be brought against the company, or any other company associated therewith as aforesaid, for damages arising from or growing out of injury or death occurring to a member, the benefits otherwise payable and all obligations of the relief department and of the company created by the membership of such member in the relief fund shall thereupon be forfeited, without any declaration or other act by the relief department or the company."

The ingenious argument of counsel for the plaintiff in error succinctly stated is this: It is a settled rule of law, established by the decisions of this and many other courts, that the doctrine of the election of remedies is inapplicable in an instance in which the facts alleged or the nature of the obligation asserted in the former and latter suits are not mutually inconsistent. Hence, it is argued, using the circumstances of the present litigation for an illustration, the plaintiff had a right to recover either from the railway company or from the relief department upon the facts which are agreed in the stipulation to have occurred, and the single additional fact of negligence alleged in the unsuccessful suit against the former is supplemental to but in no respect or particular inconsistent with all or any of such agreed facts, and the rule is invoked that, in the absence of such inconsistence, one is not barred of his real remedy merely because he has mistakenly sought the use of one to which he was not entitled or which the law did not give him. About these rules of law there is no dispute or doubt, but we think that the argument of counsel is fallacious, and that they are inapplicable to this case. It is true, as has been held by this court in cases cited by counsel, that upon

the happening of an accidental injury or death to a member, for which his certificate provides indemnity, he or his beneficiary has an election whether such indemnity shall be demanded from the relief department or whether an action in tort shall be prosecuted against the railway company, and, for the purpose of determining whether such an election has been made, the rules of evidence relative to the general doctrine of the election of remedies are applicable. *Chicago, B. & Q. R. Co. v. Bigley*, 1 Neb. (Unof.) 225; *Chicago, B. & Q. R. Co. v. Olsen*, 70 Neb. 559. But the consequences of an election in two classes of cases may be very different. It may be that if the contract sued upon had omitted any reference to such consequences the position of counsel would have been tenable. That is to say, if the railroad company and its relief department are substantially identical, and the certificate of membership had simply provided indemnity in case of the death of the deceased, it may be (we do not decide) that an unsuccessful action in tort would not have barred a subsequent suit on the contract, but in this instance the regulations which are a part of the contract expressly covenant that an action in tort shall operate as a bar. In the absence of the contract, no suit would have been maintained against the relief department at all, and, of course, none can now be maintained against it except such as the contract gives, and under such circumstances as it prescribes. The plaintiff was quite as much at liberty to choose whether she would sue the railway company or the relief department as she would have been in any other imaginable case, but the consequences of such choice are to be determined, not by the general rules of law, but by the terms of the contract by which the deceased had bound himself and her.

We recommend therefore that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, it is ordered that the judgment of the district court be

AFFIRMED.