CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V. ELIZABETH A. HEALY.*

FILED JUNE 8, 1906.   No. 14,252.

Election of Remedies.   A suit by an administrator of a deceased employee of the Chicago, Burlington & Quincy Railroad Company, who was a member of the relief department of that company, to recover damages, under the statute, for wrongfully or negligently causing the death of such employee, is a bar to a subsequent action upon the membership certificate in said department, when the administrator is the same person named as beneficiary in the contract.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*J. W. Deweese, W. S. Morlan* and *F. E. Bishop,* for plaintiff in error.

*T. J. Doyle, contra.*

AMES, C.

This is an action upon a certificate of membership issued to one Cornelius R. Healy in the insurance organization known as the "Burlington Relief Department." The per-

*Rehearing allowed.   See opinion, p. 786, *post.*

son named as beneficiary was his wife, Elizabeth A. Healy, now defendant in error herein. He lost his life by accident while in the service of the railroad company, leaving surviving him four minor children besides his widow, the plaintiff below. She was appointed administratrix, and begun and prosecuted an action against the company to recover damages, under the statute, for the alleged wrongful or negligent causing of the death of the insured. From the verdict and judgment-in her favor, the company prosecuted error to this court, and secured a reversal on the ground that the evidence was insufficient to uphold the verdict. 5 Neb. (Unof.) 225. When the cause was remanded to the district court she voluntarily dismissed it without prejudice to a new action, and began the present suit in which she recovered a judgment sought to be reversed by this proceeding.

The contract of membership between the deceased and the plaintiff in error provides that all rights of recovery thereunder shall be forfeited and shall cease and determine "if any suit shall be brought against said (railroad) company, or any other company associated therewith as aforesaid, for damages arising out of injury or death occurring to me," the insured. There can be no doubt that the present case falls within the letter of the clause just quoted. But in *Chicago, B. & Q. R. Co. v. Olsen*, 70 Neb. 559, this court, in discussing a contract identical with this, say that it "provides for the application of the well-settled rules of law in regard to election of remedies," and counsel for the defendant in error herein contend that her unsuccessful action against the railroad company was not an irrevocable election within the meaning of those rules. We doubt if the language just quoted was intended to be taken in its wholly unqualified sense. It was, we presume, used with reference to the circumstances then under discussion. In that case the plaintiff had, after his injury, accepted relief department benefits, and it was held that by so doing he had made an irrevocable election which barred him of a remedy against the company to recover damages for a

negligent injury; but it was also held that his unsuccess-
ful attempt to prosecute the action thus barred did not
revoke his previous election to avail himself of his remedy
upon his contract, or deprive him of the benefits accruing
to him thereunder. Or, in other words, as the court say,
his rights under the contract became, upon his receiving
benefits thereunder, "absolutely fixed," and were not sub-
ject to subsequent forfeiture by the bringing of the in-
effectual action in tort. There is no doubt in our minds of
the soundness of this view. As the court say, the opposite
rule would be "too unconscionable to be enforced by a court
of justice." The applicability of this rule to those cases
in which actions are brought by administrators, under
the statute, for the recovery of damages for wrongfully
or negligently causing the death of the deceased, appears
to have been established by this court in those instances in
which the administrator is the same person named as bene-
ficiary in the contract of insurance. *Chicago, B. & Q. R.
Co. v. Bigley,* 1 Neb. (Unof.) 225; *Walters v. Chicago, B. &
Q. R. Co.,* 74 Neb. 551.

This conclusion is, as we understand, justified solely
upon the ground, above stated, that the administrator and
beneficiary are the same person, and that her official char-
acter does not deprive her of the discretion, reserved in the
contract, of choosing to which of two several remedies she
will resort for compensation in damages for the act com-
plained of. Or, perhaps, more correctly speaking, the
beneficiary, upon her appointment and qualification as
administratrix, succeeds to and becomes vested with the
right and power of election of remedies which the deceased
would have enjoyed had he survived the injury. From
this premise it follows, of course, that if she does not
receive or accept of such appointment she never occupies a
position in which her rights can be impaired or affected by
such an election or in which she can be required or entitled
to make one; and, conversely, her prosecution of the con-
tract obligation of the company to herself cannot impair or

53

affect the right of the administrator to prosecute any claim to which he may deem himself entitled under the statute.

We conclude therefore that the case is substantially identical in principle with the former decisions of this court above cited, and recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.

The following opinion on rehearing was filed April 4, 1907. *Former judgment vacated and judgment of district court affirmed:*

1. Contracts: REMEDIES. Under a contract of membership in the relief department of the Chicago, Burlington & Quincy Railroad Company, which provided that the receipt of benefits by the beneficiary should bar all actions for damages arising from the death of the member, the beneficiary, after receiving the benefit provided for in the certificate of membership, cannot maintain an action to recover damage for herself caused by such death; but the receipt of such benefit will not bar her action as administratrix of the estate of the deceased for the benefit of her minor children.

2. ———: FORFEITURE: PUBLIC POLICY. The provision in a contract of membership in the relief department that, "if any suit at law shall be brought against said company for damages arising from or growing out of" the death of the member, the benefit otherwise payable shall thereby be forfeited, is against public policy and will not be enforced.

SEDGWICK, C. J.

The questions presented on this motion for rehearing have been thoroughly briefed and carefully presented. We have reexamined the decisions of this court construing contracts relating to membership in the defendant's relief department. In the former opinion in this case, *ante,*

p. 783, it was decided that the commencement of an action against the defendant for damages by this plaintiff as administratrix of the estate of her husband worked a forfeiture of her rights as beneficiary in the certificate herein sued upon. Questions arising upon the construction of these contracts have been before this court in several cases, but we have never been called upon to adjudicate the precise question involved in this case, unless it be in *Walters v. Chicago, B & Q. R. Co.*, 74 Neb. 551. In that case the plaintiff was the mother of the deceased. There were no widow and children. The plaintiff, therefore, although she prosecuted her action for damages as administratrix of the estate of the deceased, prosecuted it solely in her own interest. She did not voluntarily dismiss her action, but after final judgment had been rendered against her in her action for damages she attempted to recover as beneficiary of the relief fund. It was held that her former action was a bar to such recovery. In the opinion in that case the distinction between the principles there involved and ordinary cases of election of remedy was pointed out and clearly stated. The sense in which the doctrine of election of remedies was applicable in *Chicago, B. & Q. R. Co. v. Bigley*, 1 Neb. (Unof.) 225, and *Chicago, B. & Q. R. Co. v. Olsen*, 70 Neb. 559, was also correctly stated. In those cases it was held that, when the beneficiary elected to take the benefits under the relief certificate, and actually received a part of the amount due under the beneficiary certificate, a subsequent ineffectual attempt to recover damages arising out of the negligence of the company would not prevent the collection of the remainder of the benefits under the certificate. It has been several times held by this court that one who has received benefits from the relief departments under his relief certificate cannot himself maintain an action for damages for the negligence of the company in causing the same injury which was the basis of his claim for benefits. *Clinton v. Chicago, B. & Q. R. Co.*, 60 Neb. 692; *Chicago, B. & Q. R. Co. v. Bell*, 44 Neb. 44; *Chicago, B & Q. R. Co. v. Curtis*, 51 Neb. 442.

This was the situation in the *Olsen* case: When the defendant was sued for damages caused by its negligence, it answered that the plaintiff had elected to claim under his benefit certificate and had received a part of the benefits to which he was entitled, and so defeated his action for damages. After having defeated his action for damages upon that ground, it was not allowed to deny its liability under the benefit certificate.

In the case at bar the plaintiff as administratrix of the estate of the deceased represented her several minor children as well as herself. Her husband was killed while in the employ of the defendant company. She had good reason to believe, and she testified she did believe, that his death was caused by the negligence of the defendant. If it was so caused, it was her duty as administratrix to recover damages from the defendant in behalf of her minor children. This duty she attempted to perform. In an early case in this court it was determined that the widow, by accepting benefits from the relief department under a contract like the one in question, settled and barred her claim against the company for damages, but it was also held that such action on her part would not defeat the rights of her minor children. After having received benefits herself from the relief department, she might as administratrix prosecute an action for damages against the company in behalf of her minor children. *Chicago, B. & Q. R. Co. v. Wymore*, 40 Neb. 645. Speaking of that case, this court in *Chicago, B. & Q. R. Co. v. Bell*, 44 Neb. 44, said: "In that case Wymore was a member of the relief department, and was killed through the negligence of the railroad company. After his death his widow accepted from the funds of the relief department the death benefit to which she was entitled by virtue of being Wymore's widow and his membership in the relief department. She then brought a suit as administratrix against the railroad company for damages for negligently killing her husband. This suit was brought under chapter 21 of the Compiled Statutes, 1893; and we held that the right of action conferred by

the statute was for the benefit of the widow and next of kin of the deceased who had lost his life through the negligence of the railroad company, and that the acceptance by the widow of the death benefit from the funds of the relief department was a release and discharge of her cause of action against the railroad company given by that statute for her own benefit; but that neither Wymore's membership in the relief department, nor his contract with it, nor the acceptance of the death benefit by the widow, operated to bar or release her cause of action as administratrix against the railroad company in favor of Wymore's children. We adhere to that case."

In actions of this kind there is especial reason for adhering to the earlier decisions of the court. Contracts of employment and of membership in the relief department are being continually made, and it is of highest importance that the contracting parties shall so far as possible understand their respective rights and duties when entering upon such contracts. If the two cases last referred to are to be regarded as a correct exposition of the law, we suppose that from the language quoted it would follow that, if this plaintiff had prosecuted her action as administratrix for the benefit of the children alone, such action would not have been a bar to her claim upon the relief fund. She, however, made no such distinction in the action which she brought. She sought to recover damages for herself as well as for her children. If therefore she had collected and received such damages in that action it would, we suppose, under the principles announced in the cases referred to, have barred all her claims against the relief fund. She began her action for damages and recovered a substantial verdict against the defendant in the trial court. The judgment of the trial court was reversed upon proceedings in error in this court upon the ground that the evidence showed contributory negligence on the part of the deceased. The evidence showing such contributory negligence was the testimony of one of the employees of the defendant, who testified that the deceased was warned of

peculiar dangers which he was incurring and was told to take precautions, which he failed to do, and knowledge of these facts was wholly in the possession of the defendant's agents. The plaintiff makes it appear that she could not and did not forsee that she would be confronted with such evidence, and that when she commenced her action for damages all the circumstances were such as to not only warrant her in bringing such action, but to make it her duty as administratrix so to do.

When the judgment for damages had been reversed by this court, the plaintiff at once dismissed her case without prejudice, and brought this action to recover under the benefit certificate. The question presented is whether the terms of the benefit certificate and the rules of the company, which were made a part of the contract, will under these circumstances prevent her recovery from the relief fund. That part of the contract relied upon for this purpose is in these words: "If any suit shall be brought against said company, or any other company associated therewith as aforesaid, for damages arising from or growing out of injury or death occurring to me, the benefits otherwise payable, and all obligations of said relief department and of said company created by my membership in said relief fund, shall thereupon be forfeited without any declaration or other act by said relief department or said company." It is contended that the construction of this language is that, if any suit for damages is brought by any party, the benefits payable to the beneficiary in the relief department are forfeited, whether such beneficiary participates in the action for damages or not; but this is not the meaning of the language used. The provision is that the person who brings the suit for damages against the company shall forfeit the right to the relief fund. Can the forfeiture provided for in this contract be enforced? The benefit provided for in the relief certificate did not depend upon the negligence of the company in causing the accident, nor upon the question of contributory negligence of the deceased. Even his gross negligence or his criminal

conduct contributing to his death would not defeat the right of his widow to particpate in this fund. The amount to which she is entitled is fixed by the contract. It became due her upon the death of her husband. It partakes of the nature of life insurance. It is not measured by the amount of her loss. The jury estimated the damages to which she was entitled as administratrix at $3,500. When she began her action for damages she had reason to suppose that she ought to recover at least that amount from the defendant. She knew that she could obtain $500 from the relief fund without trouble. By the death of her husband she was confronted by the alternative to either waive her right to damages and her right to enforce that claim in the courts, or to forfeit the $500 which was hers and could be had for the asking. Her testimony shows that she realized the situation. Upon the advice of friends and her counsel she concluded that it was her duty to enforce her claim for damages. There can be no doubt that this was good advice as the claim then appeared. She attempted to enforce that claim, and, as soon as she ascertained that the facts were such that she could not enforce it, she dismissed her action and asked for her relief benefit. She is told that she has forfeited the $500. The contract itself calls this a forfeiture and there is no doubt that it is correctly named. The deceased during his lifetime paid for this benefit out of his earnings. It is therefore as though he had deposited $500 with the company upon the contract and agreement that he should go into the employment of the company, and that upon his death the $500 should be paid to his widow, with the further provision that, if the widow should sue the company for damages upon an allegation of negligence in causing his death, the $500 should be forfeited. She has a constitutional right that the courts shall be open to her to redress the grievance of negligently killing her husband and to litigate her claims predicated upon such negligence; but if she exercises that right she must under this contract suffer a forfeiture for so doing. If the company required its employees to deposit money with the

company upon contract that, if such employee should afterwards be injured in the service of the company, and should bring an action for damages predicated upon the negligence of the company, the money so deposited should be forfeited, would such a contract be enforced? Can a party contract beforehand under penalty and forfeiture that he will not litigate a claim that may thereafter arise? The policy of our law is to furnish every citizen with speedy redress for any injury that he may receive in person or property, and a contract which essentially imposes a penalty upon seeking such redress is contrary to that policy. The decision in *Walters v. Chicago, B. & Q. R. Co.,* *supra,* so far as it conflicts with the views herein expressed, is wrong and is overruled.

The former judgment entered in this cause is vacated and the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.