FRED C. KOELLER, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLANT.

FILED MARCH 16, 1911. No. 16,341.

1. **Master and Servant:** INJURY TO SERVANT: LIABILITY OF MASTER: RELEASE. A railroad employee who has recovered a judgment in an action against the company in satisfaction of his damages for injuries caused by its negligence, and has received and accepted

the amount of his judgment, cannot recover benefits for such injury from the relief department of such corporation under an agreement of membership releasing the company from liability in case of such acceptance.

2. Cases Followed. *Chicago, B. & Q. R. Co. v. Bell,* 44 Neb. 44, *Chicago, B. & Q. R. Co. v. Curtis,* 51 Neb. 442, and *Clinton v. Chicago, B. & Q. R. Co.,* 60 Neb. 692, followed.

3. Case Distinguished. *Chicago, B. & Q. R. Co. v. Healy,* 76 Neb. 786, distinguished.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*J. E. Kelby* and *Byron Clark,* for appellant.

*George W. Berge, contra.*

BARNES, J.

Action on a certificate issued to the plaintiff by the relief department of the Chicago, Burlington & Quincy Railway Company. It appears without dispute that the defendant maintains and conducts what is known as its "Voluntary Relief Department"; that the plaintiff, who was employed by the defendant in its railroad shops at Havelock, became a member of that department, and the certificate in question was issued to him on the 22d day of March, 1897; that he paid his dues and assessments thereon up to the date of his injury, which occurred while in defendant's service, and at that time he was a member of the department in good standing. By the certificate in question the defendant agreed, in case of sickness or injury, to pay the plaintiff 50 cents a day for 52 weeks and 25 cents a day thereafter during the continuance of his disability. A part of the plaintiff's agreement, which is contained in the certificate, reads as follows: "In case of injury to a member he may elect to accept the benefits in pursuance of these regulations, or to prosecute such claims as he may have at law against the company or any company associated therewith in the administration of their

relief departments. The acceptance by the member of benefits for injury shall operate as a release and satisfaction of all claims against the company, and all other companies associated therewith as aforesaid, for damages arising from or growing out of such injury; and, further, in the event of the death of a member, no part of the death benefit or unpaid disability benefit shall be due or payable unless and until good and sufficient releases shall be delivered to the superintendent, of all claims against the relief department, as well as against the company and all other companies associated therewith as aforesaid, arising from or growing out of the death of the member, said releases having been duly executed by all who might legally assert such claims; and, further, if any suit shall be brought against the company, or any other company associated therewith as aforesaid, for damages arising from or growing out of the injury or death occurring to a member, the benefits otherwise payable and all obligations of the relief department and of the company created by the membership of such member in the relief fund shall thereupon be forfeited without any declaration or other act by the relief department or the company; but the superintendent may, in his discretion, waive such forfeiture upon condition that all pending suits shall first be dismissed."

On the 4th day of December, 1906, while working in the defendant's shops at Havelock, the plaintiff was struck upon the side of the head by the defendant's machinery, and by the wound inflicted thereby the sight of his right eye was permanently destroyed and he was permanently disabled. It further appears that the plaintiff brought suit against the defendant for the sum of $15,000 to recover for the injuries above described, and obtained a judgment in the federal court for the district of Nebraska against the defendant for the sum of $875; that the defendant paid the judgment and the costs of the action in full on the 7th day of June, 1907, which plaintiff accepted and received, and upon the following day commenced this

suit to recover the sum of $1,900 upon his benefit certificate above described. A trial resulted in a judgment for the plaintiff, and the defendant has appealed.

Defendant contends that, plaintiff having elected to sue for damages and having accepted the payment of his judgment obtained in that suit, the agreement contained in his certificate is a bar to his recovery in this action. On the other hand, plaintiff contends that his agreement is illegal and void as against public policy and is no defense to this action. The question of the validity of such contracts was before us the first time in *Chicago, B. & Q. R. Co. v. Wymore,* 40 Neb. 645. There a member of the relief association agreed that, in consideration of the amounts paid by the company, the acceptance of benefits for injury or death should operate as a release and satisfaction of all claims for damages against the company arising from such injury or death which could be made by him or his legal representatives. He was killed in an accident upon the railroad. The beneficiary named was his widow, who accepted the benefit, and by an instrument in writing received it in full satisfaction and discharge of all claims or demands on account or arising from the death of said member. Subsequently, as administratrix, she brought suit for damages against the railroad company on behalf of herself and children. It was held that the deceased's conduct would not of itself waive a right of action; that neither the contract nor the acceptance of the money or release of liability by the widow operated to bar a right of action by the administratrix on behalf of the children; but that her voluntary acceptance of the benefit and release of the company did operate to bar any action for her own benefit. The question was again before us in *Chicago, B. & Q. R. Co. v. Bell,* 44 Neb. 44. In that case an employee of the railroad company, a member of a relief department, was injured through the negligence of the company. After his injury there was paid to him from funds of the relief department $60 on account of such injury. The employee accepted the

money, and then sued the railroad company for damages for negligently injuring him. It was held that he could not recover. In *Chicago, B. & Q. R. Co. v. Curtis,* 51 Neb. 442, it was held that such a contract did not lack consideration to support it; that the promise made by the employee to the relief department for the benefit of the railroad company was available to the latter as a cause of action or defense; that the contract was not contrary to public policy; that its effect did not enable the railroad company to exonerate itself by contract from liability for the negligence of itself or servants; that the employee did not waive his right of action against the railroad company, in case he should be injured by its negligence, by the execution of the contract; that it is not the execution of the contract that estops the injured employee, but his acceptance of moneys from the relief department on account of his injury after his cause of action against the railroad on account thereof arises. In *Clinton v. Chicago, B. & Q. R. Co.,* 60 Neb. 692, the precise question here presented was before the court, and it was held: "An employee of a railroad company who has accepted from it damages for injuries sustained cannot recover benefits for such injury from the relief department of such corporation under an agreement of membership releasing the company from liability in case of such acceptance." This rule was followed and approved in *Oyster v. Burlington Relief Department of Chicago, B. & Q. R. Co.,* 65 Neb. 789, and *Walters v. Chicago. B. & Q. R. Co.,* 74 Neb. 551. It thus appears that we are fully committed to the rule contended for by the defendant.

In support of plaintiff's contention, counsel cite *Chicago, B. & Q. R. Co. v. Healy,* 76 Neb. 786, and argue that the opinion in that case declares the contract in question to be opposed to public policy, and in effect overrules our former decisions upon that question. We do not so understand that opinion. There the administratrix of a deceased employee of the Chicago, Burlington & Quincy Railroad Company, who was a member of its relief de-

partment, brought suit to recover damages under the statute for wrongfully or negligently causing the death of the employee. In the opinion upon rehearing it was held that the administratrix, who was the beneficiary of a deceased member, having received the benefit provided for in the certificate of membership, could not maintain an action to recover damage for herself caused by such death. It was further held that the receipt of such benefit would not bar her action as administratrix of the estate of the deceased for the benefit of her minor children. While the opinion states, by way of argument, that "the policy of our law is to furnish every citizen with speedy redress for any injury that he may receive in person or property, and a contract which essentially imposes a penalty upon seeking such redress is contrary to that policy," still the fact that the plaintiff had dismissed her action at law without prejudice and had not obtained or received any compensation by way of damages was the determining factor in that case. Again, it must be observed that all of our former decisions touching the question here presented were cited and approved by the writer of that opinion, excepting only the case of *Walters v. Chicago, B. & Q. R. Co., supra.*

Our attention is also directed to the case of *Miller v. Chicago, B. & Q. R. Co.,* 65 Fed. 305, 76 Fed. 439. In that case it was held by the federal court of Colorado that a contract like the one in question was void as against public policy, but the majority of the circuit court of appeals in affirming that judgment did so upon other grounds, and declared that the contract was not void as against public policy, and it appears that the affirmance was based on a failure to set forth the contract in the answer in such a manner as to make it a defense to the plaintiff's cause of action. In the case at bar that defect was eliminated by the answer and the evidence.

Finally, it appears that the plaintiff's contract does not deprive him of his action at law. It only requires him to make his election either to take the benefits pro-

vided by his certificate, or prosecute an action to recover all of the damages which are the result of his injury. Having made his election, there would seem to be no good reason why he should not be bound thereby. To hold otherwise requires us to overrule all of our former decisions on this question. We feel that we should not be called upon to adopt so radical a departure from our former views; and, if such contracts are to be declared void as against public policy, that declaration should come from the legislature, and not from the courts.

For the foregoing reasons, it seems clear that the district court erred in disregarding the provisions of the plaintiff's contract, and that upon the facts of this case the judgment should have been for the defendant. The judgment of the district court is therefore reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED.

LETTON, J., not sitting.

SEDGWICK, J., concurring.

This court was long ago fully committed to the holding that a receipt of all benefits provided for in the contract of the relief department of the defendant company is a complete bar to any action for damages arising from the same injury for which the relief was received, and also that a recovery at law and payment by the company of all damages caused by the injury complained of, and a receipt of such damages by the injured employee, is a complete bar to any claim upon the relief fund arising from the same injury. These holdings were put upon the ground of the express provision of the contract for relief benefits. Some of these decisions were cited in *Chicago, B. & Q. R. Co. v. Healy,* 76 Neb. 786, and it was there expressly said that it was not intended to overrule those former decisions. In the case last cited it was insisted by the company that the provision of the contract with the employee, "if any suit shall be brought against said

company, or any other company associated therewith as aforesaid, for damages arising from or growing out of injury or death occurring to me, the benefits otherwise payable, and all obligations of said relief department and of said company created by my membership in said relief fund, shall thereupon be forfeited," was to be construed literally and literally enforced.    That was the question considered and decided in *Chicago, B. & Q. R. Co. v. Healy, supra.* In that case the plaintiff had brought a suit against the company for damages, but had dis-missed the same without prejudice to a future action be-fore final judgment, and it was thought that to enforce the foregoing provision of the contract under such cir-cumstances would be enforcing a forfeiture in the nature of a penalty.    This court had never gone so far as that, and so refused to enforce that provision of the contract with the construction contended for.    It may be said that there is some reason for contracting on the part of the employee, that all damages that he has suffered on ac-count of the injury having been paid by the company and received by him, the relief benefit provided for in the contract shall be considered to be thereby satisfied.    This seems to be the idea of the recent legislation which pro-vides that in case relief benefits have been paid and re-ceived by the employee that fact shall not be a bar to an action for the damages suffered, but such payments of relief benefits shall be considered as part payment of the damages suffered and may be offset in a suit to recover such damages.    The force of our former decisions, from which we have refused to depart without action by the legislature, and in which it has been held that full pay-ment and receipt of all damages will satisfy all claims upon the relief fund, has been much strengthened by the fact that the legislature, with full knowledge of these prior holdings, and while legislating upon the general subject, has refused to change the rule established by this court.   Comp. St. 1909, ch. 21, secs. 4, 5.   This rule, then, still remains and has application to this case, in which

the plaintiff has recovered judgment for damages suffered by reason of the injury, and has received full payment from the company. The reasoning, then, in *Chicago, B. & Q. R. Co. v. Healy, supra,* to the effect that a party cannot contract beforehand under penalty and forfeiture that he will not litigate a claim that may thereafter arise, must be considered as it was there intended. The intention was to so apply this ruling as to justify that holding that the mere commencement of an action for damages, which was dismissed without final judgment and without the receipt of any payment of damages by the plaintiff, would not work a forfeiture of claims upon the relief fund under their contract. If the rule which we have established that full payment and receipt by the plaintiff of a judgment recovered for damages will bar claims from the relief fund predicated upon the same injury is to be changed as unjust, it must be done by the legislature, and not by the court.