## NELLIE RODELL v. RELIEF DEPARTMENT OF CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

July 12, 1912.

Nos. 17,574—(185).

**Mutual benefit insurance — provision for release invalid.**

Plaintiff's deceased husband held a membership certificate in the relief department of defendant, under which, in the event of his death, defendant agreed to pay a certain sum to plaintiff. The husband was injured while in defendant's employ as engineer, running a train engaged in interstate commerce between a point in Wisconsin and a point in Illinois. He received his injuries in Illinois and died there. The certificate provided that no money thereunder should become due till all claims against defendant arising out of his death should be released. *Held*, that plaintiff is entitled to recover, without furnishing defendant with release from the personal representative of her deceased husband, since, under the act of Congress known as the "Employer's Liability Act," approved April 22, 1908, the terms of the membership certificate to the extent that the same provided for releases from all claims on account of wrongful death are void.

Action in the district court for Ramsey county by the widow of Charles F. Rodell, deceased, to recover $1,200 upon a benefit certificate. The answer admitted liability in the sum of $1,200 upon the certificate, but alleged that plaintiff refused to execute a release as administratrix of the estate of the decedent; that under the laws of Illinois, where decedent died, a release by the widow does not act

---

[1] Reported in 137 N. W. 174.

[Note] Constitutionality of statute forbidding the avoidance of liability to employee or reduction of his damages by relief or indemnity contract, see note in 38 L.R.A. (N.S.) 867.

118 M.—29.

as a release of any right of action arising out of wrongful death which may be held by the personal representatives of the deceased. The reply alleged that the amount due plaintiff was due her solely in her individual capacity. The case was tried before Kelly, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff for the amount demanded, upon condition that within sixty days she execute and deliver to defendant a release as administratrix of the estate of Charles F. Rodell, deceased. From an order denying plaintiff's motion for a new trial, she appealed. Reversed and judgment ordered for plaintiff.

*Barton & Kay*, for appellant.

*Morton Barrows*, for respondent.

HOLT, J.

The action is to recover on a beneficiary certificate issued to plaintiff's husband by the defendant. In the event of the husband's death, defendant agreed, by said certificate, to pay to the plaintiff $1,200. The cause was tried to the court, and plaintiff was granted judgment conditionally. She refused to comply with the condition, and moved for a new trial. From an order denying the same, this appeal is taken.

The controlling facts are these:

Plaintiff's husband, during his lifetime, was a locomotive engineer in the defendant's employ, and a member of its Relief Department. On January 21, 1911, while such member, and in the service of defendant, he received injuries causing death the next day. Under the terms of his membership certificate, $1,200 became due and payable to plaintiff on the following condition therein contained: "In the event of the death of a member, no part of the death benefit or unpaid disability benefit shall be due or payable unless and until good and sufficient releases shall be delivered to the superintendent of all claims against the relief department as well as against the company [the Chicago, Burlington & Quincy Railroad Company], and all other companies associated therewith as aforesaid, arising

from or growing out of the death of the member; said releases having been duly executed by all who might legally assert such claims."

A minor child of plaintiff and her deceased husband survives. Plaintiff, as widow, has signed and delivered to defendant a release prepared by it, which it retains, but refuses to pay the money, claiming that it is also entitled to a release from her as administratrix of the estate of her deceased husband. Instead of executing such release as administratrix, which she also is, she brought this suit. The court below concluded that defendant was entitled to this release, and ordered judgment in her favor for $1,200 upon condition that she execute the release as administratrix within sixty days after December 29, 1911, and, in the event of her failure to so do, judgment be entered that she take nothing.

It was admitted that plaintiff's husband was a resident of Wisconsin at the time of his death, and was injured while he, as engineer, was running a train engaged in interstate traffic between a place in Wisconsin and a place in the state of Illinois. His injuries were received and his death occurred in the last-named state. Assuming it to be true, as defendant contends, that a release under the Illinois statute by the widow, the sole beneficiary in the certificate, does not release a claim for death arising out of a wrongful act of the defendant at the suit of the personal representative of the deceased husband, we nevertheless reach the conclusion that plaintiff was entitled to recover without giving a release as administratrix. In so doing it is necesary to consider but one of plaintiff's contentions, namely, that the provision in the membership certificate relating to a release is nugatory. From the admitted facts herein, the Federal law governs, because defendant is engaged in interstate traffic, and plaintiff's husband, when he met the accident from which he died, was employed therein as the servant of the defendant.

Section 5 of the act of Congress, entitled "An act relating to the liability of common carriers by railroad to their employees in certain cases," approved April 22, 1908, is as follows: "That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from

any liability created by this act, shall to that extent be void: Provided, that in any action brought against any such common carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought."

Under the provision of this act the release required, if given, would be absolutely void in a suit brought by the administratrix to enforce a claim against defendant for the wrongful death of her husband, if any such claim exists. Therefore the condition in the membership certificate requiring such a release must also be treated as a nullity. It may be remarked that it does not appear that there is any claim that any one asserts, or that the personal representative of decedent might assert. But if we assume that any claim at all can be made, which may be embraced in the provision of the certificate of membership that nothing "shall be due or payable unless and until good and sufficient releases shall be delivered to the superintendent of all claims * * * against the company * * * arising from or growing out of the death of the member, said releases having been duly executed by all who might legally assert such claims," it must be a claim against defendant for negligence causing death. We may also assume, for the purposes of this decision, that under the laws of Illinois none but the personal representative may assert or sue such claim. When, however, such release, if given, is of no avail to defendant against a claim asserted or suit brought by the personal representative because the membership certificate in suit to the extent that it requires or provides for the release is by law declared void, no good reason is perceived for attaching any importance whatever to the provision of release in the contract.

Since this case was tried in the court below, the Supreme Court of the United States in the case of Mondou v. New York, N. H. & H. R. Co. 223 U. S. 1, 32 Sup. Ct. 169, 56 L. ed. 327, and the other cases determined in the same opinion, has passed on this feature of the law, and we deem that decision controlling in this case. The court [page 52] states: "Next in order is the objection that the pro-

vision in section 5, declaring void any contract, rule, regulation, or device, the purpose or intent of which is to enable a carrier to exempt itself from the liability which the act creates, is repugnant to the fifth amendment to the Constitution as an unwarranted interference with the liberty of contract: But of this it suffices to say, in view of our recent decisions in Chicago, Burlington & Quincy Railroad Co. v. McQuire, 219 U. S. 549, [31 Sup. Ct. 259, 55 L. ed. 328], Atlantic Coast Line Railroad Co. v. Riverside Mills, 219 U. S. 186, [31 Sup. Ct. 164, 55 L. ed. 167, 31 L.R.A.(N.S.) 7], and Baltimore & Ohio Railroad Co v. Interstate Commerce Commission, 221 U. S. 612, [31 Sup. Ct. 621, 55 L. ed. 878], that if Congress possesses the power to impose that liability, which we here hold that it does, it also possesses the power to insure its efficacy by prohibiting any contract, rule, regulation, or device in evasion of it."

The act of Congress is not aimed at relief departments of railway companies. It merely eliminates from the membership certificates or contracts such provisions as the one which defendant herein insists shall be complied with. The remainder of the benefit certificate stands as a valid subsisting contract. With the void provision out of the contract, its terms are clear that plaintiff is entitled to the sum sued for on the receipt and release already delivered to defendant.

The motion denying a new trial is reversed, and the cause remanded, with direction to the court below to amend the conclusions of law, so as to order judgment for plaintiff in accordance with the opinion herein.