## FRANCIS M. WISE v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY RELIEF DEPARTMENT.[1]

### July 7, 1916.

### Nos. 19,763—(131).

**Dismissal of action — misnomer of defendant — amendment.**

1. A misnomer of the defendant railroad company by adding to its corporate name the words "Relief Department" was not a ground for dismissal, jurisdiction having been acquired, the defect was amendable as of course, and will be disregarded.

**Relief certificate — refusal to act — appeal unnecessary.**

2. The plaintiff suing upon his membership in the relief department of the defendant was not required to appeal within the department when no adverse decision was made and the official to whom he properly presented his claim refused to act.

**Common carrier's regulation invalid — Federal Employer's Liability Act.**

3. Under chapter 149, section 5 of the Federal Employer's Liability Act of April 22, 1908 (35 St. 65), providing that any contract, rule or regulation of a common carrier exempting it from liability shall be void, provided that it may set off its contribution to any insurance or relief benefit paid to the injured employee in his action under the act for his injuries, a regulation of the relief department that if the em-

[1] Reported in 158 N. W. 711.

---

Note.—As to effect of Federal Employer's Liability Act on stipulation making acceptance of benefits for injury or death of employee under contract of membership in railroad relief department, see note in 47 L.R.A.(N.S.) 50.

As to validity of provision in contract of railroad relief department for forfeiture of benefits in case of suit against company for damages, see note in 10 L.R.A.(N.S.) 198.

As to validity of contract requiring servant to elect between acceptance of benefits out of a relief fund and the prosecution of his claims in an action for damages, see notes in 11 L.R.A.(N.S.) 182; 48 L.R.A.(N.S.) 440.

ployee brings suit for his injuries the benefits accruing under his membership shall be forfeited, is invalid and the employee may recover on his membership certificate, though he has pending an action against the company for his injuries.

Action in the district court for Ramsey county to recover $2,000 upon plaintiff's benefit certificate in defendant's relief department. The answer set up the defense mentioned in the opinion. Defendant also filed its supplemental answer alleging that plaintiff had begun an action against defendant in the district court of the same county. The case was tried before Hanft, J., who granted plaintiff's motion to direct a verdict in favor of plaintiff for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Barrows, Stewart & Ordway,* for appellant.

*Barton & Kay,* for respondent.

DIBELL, C..

Action to recover upon a certificate of membership in the relief department of the defendant. Verdict directed for the plaintiff. Defendant appeals from the order denying its alternative motion for judgment or a new trial.

The plaintiff was injured while in the employ of the defendant. His injury resulted in an amputation at the wrist. He was a member of the relief department. His membership gave him the right to receive a specified sum of money. This action was brought to recover it.

1. The action was brought against the Chicago, Burlington & Quincy Railroad Company, Relief Department. The relief department is a department of the company's service. The company appeared and answered to the merits. At the trial it appeared specially and moved to vacate the service of summons and dismiss the action, upon the ground that the summons and complaint were not served upon the defendant named. At common law an objection on the ground of misnomer was reached by plea in abatement, 1 Chitty, Pl. 466; Shipman, Com. Law Pl. 164, 1 Bates, Pl. 131; 2 Estee, Pl. § 3294. Now it may be reached by motion. Kenyon v. Semon, 43 Minn. 180, 45 N. W. 10. If jurisdiction is acquired the defect may be remedied by amendment. Dunnell,

Minn. Pl. (2d ed.) § 477, and cases cited. Jurisdiction was acquired of the railroad company. The plaintiff might well enough have moved to amend by striking out the words "Relief Department" when objection was made. Anderson v. Foley Bros. 110 Minn. 151, 124 N. W. 987; Morrison County Lumber Co. v. Duclos, 131 Minn. 173, 154 N. W. 952. The defect is not one of substance, was not a ground for setting aside service or of dismissal, it only called for a correction, and it should now be disregarded.

2. A rule of the relief department provided for an appeal within the department. All controversies were to be submitted within 60 days after an appeal to the decision of the superintendent and his decision was final, unless an appeal was taken to the committee within 30 days, and the decision of the committee was final. We find no decision adverse to the plaintiff from which an appeal could have been taken to the superintendent. No action had been taken by any official of the order. The answer suggests that the injury did not, in the opinion of the medical officers of the order, necessitate the amputation of the plaintiff's hand at the wrist. So far as the medical officers took any part they acquiesced in the doing of what was done. They decided nothing adversely. An application for relief was made to the superintendent and he refused to act. There was no opportunity for getting beyond him by appeal, for he made no decision. He refused to consider. We hold that an appeal was unnecessary.

3. The regulations of the relief department provided that if suit was brought against the company for injuries the member should forfeit all interest in the relief fund. The provision follows:

"If any suit shall be brought against the company, or any other company associated therewith as aforesaid, for damages arising from or accruing out of injury or death occurring to a member, the benefits otherwise payable and all obligations of the relief department and of the company created by the membership of such member in the relief fund shall thereupon be forfeited without any declaration or other act of the relief department or the company."

After this action was commenced the plaintiff brought suit for injuries and this fact was set up by supplemental answer. The important question is whether having sued the company for his injuries he can maintain

an action on the benefit certificate. Section 5 of the Employer's Liability Act of April 22, 1908, provides as follows:

"That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void: *Provided,* That in any action brought against any such common carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought."

A similar provision is found in section 3 of the Employer's Liability Act of June 11, 1906, (34 St. 232).

It was not claimed at the trial and is not in the briefs but that at the time of his injury the plaintiff was employed by the defendant in interstate commerce.

The statute of 1908 was construed in Philadelphia, B. & W. R. Co. v. Schubert, 224 U. S. 603, 32 Sup. Ct. 589, 56 L. ed. 911. This was an action by an interstate employee to recover for personal injuries. He had received benefits from the relief department. The regulations of the department provided that the receipt of benefits should operate as a release of damages for injury. It was held that the provision for a release was within the condemnation of the statute. The court said:

"But it is urged that the substituted provision—of § 5 of the act of 1908 —failed to embrace that which the earlier act specifically described. We cannot assent to this view. The evident purpose of Congress was to enlarge the scope of the section, and to make it more comprehensive by a generic, rather than a specific, description. It thus brings within its purview 'any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Act.' It includes every variety of agreement or arrangement of this nature; and stipulations, contained in contracts of membership in relief departments, that the acceptance of benefits thereunder shall bar recovery, are within its terms.   *   *   * That is the liability which the act defines and which this action is brought to enforce. It is to defeat that liability for the damages sustained by

Schubert which otherwise the company would be bound under the statute to pay, that it relies upon his contract of membership in the relief fund and upon the regulation which was a part of it. But for the stipulation in that contract, the company must pay; and if the stipulation be upheld, the company is discharged from liability. The conclusion cannot be escaped that such an agreement is one for immunity in the described event, and as such it falls under the condemnation of the statute.

"If there could be doubt upon this point, it would be resolved by a consideration of the proviso of § 5, which immediately follows the language condemning contracts, rules, regulations or devices, the purpose of which is to exempt the carrier from liability."

The statute was construed by this court in Rodell v. Relief Dept. C. B. & Q. R. Co. 118 Minn. 449, 137 N. W. 174. This was an action by the widow of a deceased interstate employee to recover upon a benefit certificate. Under the terms of the membership no death benefit was payable, until releases of the railroad company by all who might legally assert claims for the death were filed with the superintendent. The plaintiff brought suit on the benefit certificate without filing releases. The defense was that she was not entitled to recover until releases were filed. It was held that in view of the statute quoted releases could not be exacted and the plaintiff could recover the death benefit.

These two cases control. The pendency of an action for injuries does not prevent the recovery of benefits under the membership certificate.

Order affirmed.