FLOYD C. ROBERSON, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED DECEMBER 30, 1922. No. 22195.

1. **Master and Servant:** INJURY TO EMPLOYEE: RIGHT OF RECOVERY. Neither the federal employers' liability act of 1908 (U. S. Comp. St. 1918, sec. 8661), nor section 6055, Rev. St. 1913, destroys the contract of the Burlington voluntary relief department, though both of them affect such contract to the extent that the acceptance of relief benefits by an injured member of such department shall not preclude him from bringing an action against the Chicago, Burlington & Quincy Railroad Company for his damages, the terms and conditions of said contract notwithstanding.

2. ———: ———: ———: RELIEF BENEFITS. A Chicago, Burlington & Quincy Railroad Company employee who is a member of the company's voluntary relief department, and who has been injured in interstate commerce, cannot recover relief benefits, contrary to the provisions of his contract with such department. after he has sued for, recovered and collected a judgment against the company for his damages resulting from such injury.

APPEAL from the district court for Webster county: WILLIAM A. DILWORTH, JUDGE. *Reversed and dismissed.*

*E. E. Whitted, P. E. Boslaugh* and *J. L. Rice,* for appellant.

*Bernard McNeny, contra.*

Heard before MORRISSEY, C. J., DAY, FLANSBURG and LETTON, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

The parties will be designated plaintiff and defendant as in the court below. Plaintiff was injured in 1915 while employed as a brakeman in interstate commerce by the defendant company. He took Burlington relief benefits, being a member of the relief department, for about a year; and he then brought suit for his damages sustained by reason of his injury, and recovered a judgment for $5,000, which the company paid in full. The present action is to recover the remainder of his relief benefits. The company defended on the following grounds: That he was not disabled during the time for which he claims benefits; that, if he was under disability during such time, he is barred of a right to recover such benefits under the law and the relief department regulations, because (1) he brought a damage suit and recovered and collected; because (2) he removed to other states without the medical examiner's written approval; because (3), his alleged disability is a sickness disability following accident, etc.; and because (4) he failed to appeal to the advisory committee of the department from the decision of the superintendent denying his right to further benefits. There are express provisions in the regulations of the Burlington voluntary relief department which by their terms, and according to the evidence adduced, completely sustain these defenses, if they are legally binding and operative. The case was tried to the court without the intervention of a jury, and the court found in favor of the plaintiff and gave him judgment against the defendant in the full amount claimed. Upon this appeal the defendant duly raises the above enumerated contentions and assigns the adverse ruling of the district court on each of the same as error.

On the first of these contentions no time need be taken. The trial court found upon sufficient evidence that the plaintiff was under disability during the time

for which he claimed benefits, and its judgment in that behalf must stand.

But the provisions of plaintiff's contract for relief benefits specifically state that, if he brings suit for damages, he shall forego such benefits. A clause of his signed application for membership in the Burlington relief department is in these words: "I also agree, * * * further, if any suit shall be brought against said company * * * for damages arising from or growing out of injury or death occurring to me, the benefits otherwise payable and all obligations of said relief department and of said company created by my membership in said relief fund shall thereupon be forfeited without any declaration or other act by said relief department or said company."

It is not necessary to review Burlington litigation in Nebraska. Suffice it to say that this court has consistently held the contract of the relief department good, and that the injured employee must forego his relief and take his damages or take his relief and forego his damages. The cases will be found collected and discussed in *Clinton v. Chicago, B. & Q. R. Co.*, 60 Neb. 692; *Oyster v. Burlington Relief Dept. of C., B. & Q. R. Co.*, 65 Neb. 789; *Chicago, B. & Q. R. Co. v. Bigley*, 1 Neb. (Unof.) 225; *Walters v. Chicago, B. & Q. R. Co.*, 74 Neb. 551; *Chicago, B. & Q. R. Co. v. Healy*, 76 Neb. 786; *Koeller v. Chicago, B. & Q. R. Co.*, 88 Neb. 712. It so held from the beginning down to the *Koeller* case, though some exception was made in the above cited *Healy* case because of the penalty feature involved, and again in a case or two where it was considered that a widow administratrix who had accepted benefits did not do so for the children of the deceased to such an extent as to deprive them of their separate right to an action for damages. In no case has it held that benefits could be had from the company after damages had been sued for, recovered and collected.

In the *Koeller* case, *supra,* such recovery and collec-

tion had been had and the action was for some $1,900 of relief benefits. Reversing the judgment below, the supreme court reaffirmed the doctrine of its prior decisions and denied benefits to the plaintiff.

However, the contention of the appellee is that the federal employers' liability act of 1908, and more particularly section 5 of said act, changes the situation and justifies his recovery of benefits, even though he has collected damages. The section referred to is as follows:

"That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void; provided, that in any action brought against any such common carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought." U. S. Comp. St. 1918, sec. 8661.

This law applies because the injury in question arose in interstate commerce, as heretofore stated. It clearly appears from the language employed that the Burlington relief contract with the plaintiff could not operate to preclude the latter from a resort to his action for damages. But that seems to be the extent of its effect on said contract if common and ordinary meaning is given to the words used. "To exempt itself from any liability created by this act" is the expression of congress. And the liability so created was the liability to respond in damages for injury suffered. The act limits the contract in that respect alone. The contract shall "to that extent be void." If congress had intended to provide also that the contract should be ineffectual to exempt the carrier from the payment of benefits when damages had been recovered and collected, it would have said so.

True it is that Minnesota, in *Wise v. Chicago, B. & Q.*

*R. Co.*, 133 Minn. 434, held in accordance with appellee's contention. But, as pointed out in the brief of the appellant, the decision in that case proceeds upon the authority of two other cases, one of which, *Philadelphia, B. & W. R. Co. v. Schubert*, 224 U. S. 603, was to the effect simply that an acceptance of benefits would not, under said act, preclude the injured employee from bringing an action for damages; and the other of which, *Rodell v. Relief Dept. of C., B. & Q. R. Co.*, 118 Minn. 449, held that the giving of the release required by the relief regulations to be given by one who accepts full benefits could not be enforced, as it would be opposed to said section 5 of the federal act. The first of these cases is not at all valuable as affording a basis for the *Wise* decision, while the support of the latter is but frail and uncertain.

For two reasons, it seems to us, the Pennsylvania doctrine in *Getkin v. Pennsylvania R. Co.*, 259 Pa. St. 150, is to be preferred and followed: First, because it is sound from the viewpoint of simple and direct reasoning; and, secondly, because it is in consonance with the trend of Nebraska opinion. The facts were practically identical with those in the instant case. The court in dealing with the act said:

"But the only liability created by the act is for damages to persons suffering injury while employed by a common carrier engaged in interstate commerce. Any regulation, therefore, which enables a carrier to exempt itself from a claim for damages for injury received under the conditions mentioned is void. If the plaintiff had received payment of the benefit certificate prior to bringing suit for damages, the stipulation in the contract of membership in the relief fund could not have been permitted to defeat the right to recover damages. It is provided, however, in the act of congress, that, in such action for damages brought against a common carrier, the carrier may set off therein any sum it has contributed or paid to any insurance, relief benefits, or indemnity that may have been paid to the injured employee or the person

entitled thereto on account of the injury or death for which said action was brought. It is, therefore, apparent that, by the act in question, congress did not intend that there should be both payment of benefits and a recovery of damages for the injury, at least in so far as payment for both was to be made by the same defendant. In the matter of payment here, counsel for appellant seek to distinguish between the defendant company and the beneficial association, which is merely a department or bureau of the defendant company. But the benefits are demanded from the company, and the suit to compel their payment is against it. If plaintiff is right in seeking to hold the company responsible for the payment of the benefits, it is difficult to see why it should not be credited with their payment when made. However, that question is not important here, as there is no attempt by defendant to set off any sum against the amount to which the plaintiff was entitled as damages. Defendant is merely standing upon the terms of the contract under which the benefit certificate was issued.

"The present suit is not an action for damages for injuries sustained. As has already been stated, such an action was actually brought and tried in another forum, and this plaintiff, as administratrix of her husband, did in that action recover for her benefit and that of her children, if any, damages in the sum of $7,161. So that no question of exemption or release from the payment of damages, by reason of the acceptance of benefits, can arise in this case, and there is no occasion to invoke in that respect the provision of the act of congress. The present claim is based entirely upon the contract of membership in the relief association, and that contract contains a clear stipulation that the recovery of a judgment in a suit for damages on account of injury or death of a member shall preclude any claim upon the relief fund for benefits on account of such injury or death. The relief fund provides protection for its members in case of sickness or accidental injury where there may be no legal

liability upon the part of the defendant company. And where there is such liability, the beneficiary has the option of accepting the sum payable under the terms of the benefit certificate, or of instituting legal proceedings, with the possibility of recovering a much larger sum, as did the plaintiff in the present case. But, under the terms of the contract, the funds of the beneficial association are not to be depleted by the payment of benefits in a case where damages are recovered for the injury or death of a member. As such a recovery was had in the present case, we think the court below was fully justified in overruling the motion for judgment for want of a sufficient affidavit of defense."

That the decision above quoted from at such great length is consonant with the trend of Nebraska opinion is patent. We have before adverted to the fact that the decisions of this court have always tended to sustain the contract and to respect elections thereunder. It is not now disposed to void it or hold it for naught, except as it is expressly voided and held for naught by legislative act. Such is the view of the Pennsylvania opinion. Moreover, at the time that the *Koeller* opinion, *supra,* was handed down, the relief contract in question was subject to a state legislative enactment passed in 1907, which was of practically the same effect as the federal statute which we have been considering:

"No contract of employment, insurance, relief benefit or indemnity for injury or death entered into by or on behalf of any employees, nor the acceptance of any such insurance, relief benefit or indemnity by the person entitled thereto, shall constitute any bar or defense to any action brought to recover damages for personal injuries to or death of such employee; provided, however, upon the trial of such action against any common carrier the defendant may set off any sum it has contributed toward any such insurance, relief benefit or indemnity that may have been paid to the injured employee, or, in case

of his death, to his personal representative." Rev. St. 1913, sec. 6055.

This was the "recent legislation" which the late Justice Sedgwick had in mind in his concurring opinion in the *Koeller* case. He wrote as follows:

"It may be said that there is some reason for contracting on the part of the employee, that all damages that he has suffered on account of the injury having been paid by the company and received by him, the relief benefit provided for in the contract shall be considered to be thereby satisfied. This seems to be the idea of the recent legislation which provides that in case relief benefits have been paid and received by the employee that fact shall not be a bar to an action for damages suffered, but such payments of relief benefits shall. be considered as part payment of the damages suffered and may be offset in a suit to recover such damages. The force of our former decisions, from which we have refused to depart without action by the legislature, and in which it has been held that full payment and receipt of all damages will satisfy all claims upon the relief fund, has been much strengthened by the fact that the legislature, with full knowledge of these prior holdings, and while legislating upon the general subject, has refused to change the rule established by this court. Comp. St. 1909, ch. 21, secs. 4, 5. This rule, then, still remains and has application to this case, in which the plaintiff has recovered judgment for damages suffered by reason of the injury, and has received full payment from the company."

Nebraska and Pennsylvania are thus seen to have looked at the question from the same viewpoint and to have arrived at similar conclusions. The present claim is founded upon contract for relief benefits between the employee, appellee, and the company, appellant, which contract contains the plain proviso that bringing suit and recovering and collecting damages for his injury shall preclude him from relief benefits. This contract

stands unaffected by the act of congress invoked. He was not entitled to the recovery of benefits awarded by the judgment of the district court, and such judgment must be reversed and the action dismissed at the costs of the appellee. So holding, it will not be necessary to extend this opinion by a discussion of the other questions presented in the briefs.

REVERSED AND DISMISSED.